UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY MALLOY,

                              Plaintiff,

                -against-                                    26-CV-2492 (KMK)

WHITE PLAINS HOSPITAL MEDICAL                       ORDER OF SERVICE
CENTER,

                              Defendant.

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117, and the New York State Human

Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that his employer discriminated against him

based on his disability.  By order dated March 30, 2026, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d.119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order the

Marshals Service to effect service if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant White Plains Hospital Medical Center, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 6, 2026
       White Plains, New York

 

                             KENNETH M. KARAS
                          United States District Judge

## SERVICE ADDRESS FOR DEFENDANT

White Plains Hospital Medical Center
doing business as White Plains Hospital
41 East Post Road
White Plains, N.Y. 10601