UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY MALLOY,

Plaintiff,

-against-

WHITE PLAINS HOSPITAL MEDICAL CENTER d/b/a WHITE PLAINS HOSPITAL,

Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Case No. 1:26-cv-02492-KMK

Defendant White Plains Hospital ("WPH"), by and through its attorneys Garfunkel Wild, P.C., hereby answers the Complaint of Plaintiff Rodney Malloy ("Plaintiff"), filed March 26, 2026 (the "Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint regarding Plaintiff's residency. As for the remaining allegations, deny except admit that Plaintiff was employed by WPH as an IT Desktop Support Supervisor, which included various duties outlined in his job description, including IT asset management.

2. Denies the truth of the allegations contained in Paragraph 2 of the Complaint, except admit that WPH operates a hospital facility at 20 Davis Avenue, White Plains, NY 10601, and respectfully refers all questions of law and conclusions to the Court.

3. Denies the truth of the allegations contained in Paragraph 3 of the Complaint including but not limited to any and all alleged violations of law. With regard to the allegations regarding the court's supplemental jurisdiction over alleged state law claims, WPH states that this is a legal conclusion, and respectfully refers all questions of law and conclusions to the Court.

4. Denies the truth of the allegations contained in Paragraph 4 of the Complaint, except deny knowledge and information on whether Plaintiff sustained any work related injury.

5. Denies the truth of the allegations contained in Paragraph 5 of the Complaint, except state that, following Plaintiff's termination, Plaintiff filed a workers' compensation claim regarding an injury he allegedly sustained nearly a year prior in July 2024. WPH respectfully refers to Plaintiff's workers' compensation claim file for the true and correct content of his allegations.

6. Denies the truth of the allegations contained in Paragraph 6 of the Complaint, except admit that Plaintiff received a termination letter dated April 15, 2025.

7. Denies the truth of the allegations contained in Paragraph 7 of the Complaint, except deny knowledge and information regarding the allegation that an employee under Plaintiff's supervision received ergonomic equipment.

8. Denies the truth of the allegations contained in Paragraph 8 of the Complaint, except admit that Plaintiff developed an asset management application (upon information and belief Gearlock AssetSync, hosted at itassetpro.com).

9. Denies the truth of the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff was notified that his termination was, among other things, due to his unauthorized conduct that created a serious and critical security breach. WPH also admits that Senior Director, Maurantonio, communicated by email with Plaintiff, and respectfully refers the Court to the referenced email correspondence for its true and correct content.

10. Denies the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies all violations of law and Plaintiff's entitlement to the relief as alleged in Paragraph 11 of the Complaint.

12. Denies the truth of the allegations contained in Paragraph 12 of the Complaint, except admit that Plaintiff was employed by WPH as an IT Desktop Support Supervisor with various responsibilities related to IT asset management. WPH respectfully refers to Plaintiff's Job Description for a general description of Plaintiff's employment responsibilities.

13. Denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 13 of the Complaint.

14. Denies the truth of the allegations contained in Paragraph 14 of the Complaint, except admit that Plaintiff reported he may have extended a muscle on July 26, 2024, and respectfully refers the court to the referenced communication for its true and correct content.

15. Denies the truth of the allegations contained in Paragraph 15 of the Complaint, except denies knowledge and information sufficient to form a belief as to Plaintiff's alleged experience, treatment and limitations, if any, for his alleged medical condition.

16. Denies the truth of the allegations contained in Paragraph 16 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations concerning the carrier determinations and respectfully refers the Court to the alleged Workers' Compensation determinations for their true and correct content.

17. Denies the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies the truth of the allegations contained in Paragraph 18 of the Complaint, except admit that Plaintiff communicated with WPH on October 18, 2025 about work responsibilities, and respectfully refers the Court to the referenced October 18, 2025 communications for their true and correct content.

18A. Denies the truth of the allegations contained in Paragraph 18A of the Complaint, except admit that Plaintiff was addressed about certain workplace incidents and

that WPH engaged in communications with Plaintiff in a November 2024 meeting. WPH respectfully refers to the referenced written communications for the true and correct content.

18B. Denies the truth of the allegations contained in Paragraph 18B of the Complaint, except admit that WPH communicated with Plaintiff regarding workplace incidents, performance and expectations. WPH respectfully refers the Court to any written referenced communications for their true and correct content.

19. Denies the truth of the allegations contained in Paragraph 19 of the Complaint, except admit that discussions were held between Plaintiff and WPH regarding resource allocation between March 18 and 19, 2025. WPH respectfully refers to the referenced correspondence for their true and correct content.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except admit that Plaintiff was employed as an IT Desktop Support Supervisor with a variety of responsibilities generally described in a job description.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies truth of the allegations contained in Paragraph 23 of the Complaint, except state that Plaintiff, without authority, maintained a cloud-based application on personal equipment and outside the WPH network creating a serious and critical security breach and exposing WPH data to vulnerability and exposure to the public.

24. Denies the truth of the allegations contained in Paragraph 24 of the Complaint, except denies knowledge or information concerning Plaintiff's alleged aggravation of his back condition.

25. Denies the truth of the allegations contained in Paragraph 25 of the Complaint, except admit that Plaintiff communicated with WPH on March 18, 2026 regarding work responsibilities and requested that a contractor report directly to him. WPH respectfully refers the Court to the referenced communication for its true and correct content.

26. Denies the truth of the allegations contained in Paragraph 26 of the Complaint, except admit that Director Dyer responded to Plaintiff's March 18, 2026 communication. WPH respectfully refers to the referenced communication for its true and correct content.

27. Denies the truth of the allegations contained in Paragraph 27 of the Complaint, except admit that Plaintiff emailed WPH on March 19, 2026 regarding perceived operational issues. WPH respectfully refers the Court to the referenced correspondence for its true and correct contents.

28. Denies the truth of the allegations contained in Paragraph 28 of the Complaint, except admit that CIO Torre notified Plaintiff of an urgent security concern on the same day he became aware of the situation originating from Plaintiff's unauthorized use of his home/personal devices to maintain WPH data, and Plaintiff was instructed to shut down the unauthorized system and remove/return all WPH data.

> 28A. Denies the truth of the allegations contained in Paragraph 28A of the Complaint, except admit that Plaintiff's unauthorized conduct necessitated a serious and critical category of institutional cybersecurity response, and appropriate directives were given to protect WPH data and minimize the serious and critical security breach and exposure.

29. Denies the truth of the allegations contained in Paragraph 29 of the Complaint, except admit that Plaintiff's system access was deactivated.

30. Denies the truth of the allegations contained in Paragraph 30 of the Complaint, except admit that Plaintiff and CIO Torre communicated regarding Plaintiff's unauthorized acts of maintaining WPH data on a cloud based system/application on Plaintiff's home/personal equipment and that Plaintiff was directed to deactivate the system due to a serious and critical security breach and exposure. WPH respectfully refers the Court to the referenced text message communications for their true and correct content.

31. Denies the truth of the allegations contained in Paragraph 31 of the Complaint, except admit that Plaintiff and Senior IT Director Maurantonio engaged in a text message conversation on March 21, 2025. WPH respectfully refers to the subject text message conversation for the true and correct contents of the allegation.

31A. Denies the truth of the allegations contained in Paragraph 31A of the Complaint, except state that WPH communicated with Plaintiff regarding his unauthorized acts of maintaining WPH data on a cloud based system/application on Plaintiff's home/personal equipment, that ransomware was detected, and Plaintiff's unauthorized conduct necessitated an urgent security response.

31B. Denies the truth of the allegations contained in Paragraph 31B of the Complaint. WPH respectfully refers the Court to the referenced communications for their true and correct content.

31C. Denies the truth of the allegations contained in Paragraph 31C of the Complaint.

32. Denies the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies the truth of the allegations contained in Paragraph 33 of the Complaint, except state that WPH communicated with Plaintiff regarding his unauthorized acts of maintaining WPH data on a cloud based system/application on Plaintiff's home/personal equipment, that ransomware was detected, and Plaintiff's conduct necessitated an urgent security response.

34. Denies the truth of the allegations contained in Paragraph 34 of the Complaint, except admit that Plaintiff communicated with WPH giving excuses for his refusal to immediately comply with WPH directives to address the serious and critical cybersecurity breach and exposure created by Plaintiff's unauthorized conduct. WPH respectfully refers the Court to the referenced communications for their true and correct content.

35. Denies the truth of the allegations contained in Paragraph 35 of the Complaint, except admit that Senior IT Director Maurantonio communicated with Plaintiff on March 27, 2025 regarding a serious and critical cybersecurity breach and exposure created by Plaintiff's unauthorized conduct. WPH respectfully refers the Court to the referenced communication for its true and correct content.

36. Denies the truth of the allegations contained in Paragraph 36 of the Complaint, except admit that Plaintiff communicated with WPH on March 29, 2025 giving excuses for his refusal to immediately comply with WPH directives to address a critical cybersecurity breach and exposure created by Plaintiff's unauthorized conduct. WPH respectfully refers the Court to the referenced communication for its true and correct content.

37. Denies the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Denies the truth of the allegations contained in Paragraph 38 of the Complaint, except state that on March 27, 2025, Senior IT Director Maurantonio wrote to Plaintiff describing the scope and purpose of the investigation, and that Plaintiff received a termination letter dated April

15, 2025 setting forth the reasons for his termination. WPH respectfully refers the Court to the referenced communications for their true and correct content.

39. Denies the truth of the allegations contained in Paragraph 39 of the Complaint, except state that on April 1, 2025, CEO Susan Fox communicated with Plaintiff attempting to have him comply with WPH directives to address a serious and critical cybersecurity breach and exposure caused by Plaintiff's unauthorized conduct. WPH respectfully refers the Court to the referenced communication for its true and correct content.

40. Denies the truth of the allegations contained in Paragraph 40 of the Complaint, except state that Plaintiff received a termination letter dated April 15, 2025, signed by WPH's Chief HR Officer, Diane Woolley, which stated the reasons for Plaintiff's termination including but not limited to his failure to cooperate fully and lack of candor during WPH's investigation. WPH respectfully refers the Court to the referenced termination letter for its true and correct conduct.

41. Denies knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Denies the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies the truth of the allegations contained in Paragraph 43 of the Complaint, except admit that Plaintiff had a performance evaluation in October 2024. WPH respectfully refers the Court to the referenced performance evaluation for its true and correct content.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except state that WPH took prompt action to address a serious and critical cybersecurity breach and exposure caused by Plaintiff's unauthorized actions.

**ANSWER TO FIRST CAUSE OF ACTION**
(Failure To Accommodate – ADA, 42 U.S.C. § 12112)

45. In response to Paragraph 45 of the Complaint, WPH repeats, reiterates, and re-alleges all of the above answers as if fully set forth herein.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 states a legal conclusion to which no response is required. WPH respectfully refers all questions of law and conclusions to the Court.

48. Denies the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Denies the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Denies the truth of the allegations contained in Paragraph 50 of the Complaint.

51. Denies the truth of the allegations contained in Paragraph 51 of the Complaint, except state that Plaintiff communicated with WPH to give excuses for his refusal to immediately comply with WPH directives to address a critical cybersecurity breach and exposure created by Plaintiff's unauthorized conduct. WPH respectfully refers the Court to the referenced communication for its true and correct content.

52. Denies the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Denies the truth of the allegations contained in Paragraph 53 of the Complaint, except admit that Plaintiff commenced a Workers' Compensation claim post-termination for an alleged July 2024 injury and that members of WPH's human resources department appeared in connection with those proceedings.

54. Denies the truth of the allegations in Paragraph 54 of the Complaint.

55. Denies the truth of the allegations in Paragraph 55 of the Complaint.

**SECOND CAUSE OF ACTION**
(Disability Discrimination – Disparate Treatment -
ADA, 42 U.S.C. § 12112)

56. In response to Paragraph 56 of the Complaint, WPH repeats, reiterates, and re-alleges all of the above answers as if fully set forth herein.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Denies the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Denies the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Denies the truth of the allegations in Paragraph 60 of the Complaint.

61. Denies the truth of the allegations in Paragraph 61 of the Complaint.

62. Denies the truth of the allegations in Paragraph 62 of the Complaint.

**THIRD CAUSE OF ACTION**
(RETALIATION – ADA, 42 U.S.C. § 12203)

63. In response to Paragraph 63 of the Complaint, WPH repeats, reiterates, and re-alleges all of the above answers as if fully set forth herein.

64. Denies the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Denies the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Denies the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Denies the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Denies the truth of the allegations contained in Paragraph 68 of the Complaint.

**FOURTH CAUSE OF ACTION**
(Disability Discrimination and Retaliation
New York State Human Rights Law, N.Y. Exec. Law §§ 290-297)

69. In response to Paragraph 69 of the Complaint, WPH repeats, reiterates, and re-alleges all of the above answers as if fully set forth herein

70. Paragraph 70 states a legal conclusion to which no response is required. WPH respectfully refers all questions of law and conclusions to the Court and otherwise denies any allegation that WPH violated the referenced statute.

71. To the extent that Paragraph 71 states a legal conclusion, WPH respectfully refers all questions of law and conclusions to the Court, and otherwise denies the remaining allegations.

72. Paragraph 72 states a legal conclusion to which no response is required. WPH respectfully refers all questions of law and conclusions to the Court.

73. Denies the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Denies the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Denies the truth of the allegations contained in Paragraph 75 of the Complaint.

## GENERAL DENIAL

76. WPH hereby denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

77. WPH asserts the following affirmative and other defenses, without assuming any burden of proof WPH would not otherwise have in this action.

78. WPH hereby reserves the right to amend or supplement this Answer, and/or to assert additional or different defenses as further information is obtained through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

79. Plaintiff's claims of discrimination must be dismissed because Plaintiff cannot establish that he suffered any adverse employment action as a result of his alleged disability.

## SECOND AFFIRMATIVE DEFENSE

80. Plaintiff's claims of retaliation must be dismissed because Plaintiff cannot establish that he suffered any adverse employment action as a result of any alleged protected activity.

**THIRD AFFIRMATIVE DEFENSE**

81. Plaintiff's claims of discrimination and retaliation must be dismissed because all decisions and actions concerning Plaintiff and his employment were based on legitimate, non-discriminatory reasons.

**FOURTH AFFIRMATIVE DEFENSE**

82. Plaintiff's claims are barred in whole, or in part, based on documentary evidence.

**FIFTH AFFIRMATIVE DEFENSE**

83. Plaintiff cannot recover punitive damages against WPH, who at all times acted in good faith, and at no time engaged in any practices with malice, willful or wanton negligence, willfulness, recklessness, or a conscious disregard for Plaintiff's rights.

**SIXTH AFFIRMATIVE DEFENSE**

84. Plaintiff's damages claims may be barred in whole, or in part, by his failure to mitigate damages and/or injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

85. Plaintiff cannot demonstrate that he was treated differently than other similarly situated non-disabled employees.

**EIGHTH AFFIRMATIVE DEFENSE**

86. Plaintiff's claims must be dismissed because they fail to state any cause of action on which relief may be granted.

**NINTH AFFIRMATIVE DEFENSE**

87. Plaintiff's claims are barred to the extent that Plaintiff has failed to satisfy the statutory and/or jurisdictional prerequisites for the commencement of this action.

**TENTH AFFIRMATIVE DEFENSE**

88. Plaintiff's claims are barred in whole, or in part, to the extent that Plaintiff engaged in actions that constitute unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

89. Plaintiff's claims for damages are barred in whole, or in part, by his own culpable conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

90. Plaintiff's claims may be barred to the extent that he failed to exhaust all necessary administrative remedies and procedures prior to the commencement of this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

91. Plaintiff's damages claims may be barred in whole, or in part, by his failure to mitigate damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

92. Plaintiff's claims may be barred to the extent that they were not filed within the applicable statute of limitations or administrative filing periods, and/or are premised on events or incidents outside the scope of the statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

93. Plaintiff's alleged damages may be barred, in whole or in part, by the exclusivity provisions of the New York State Workers' Compensation Law.

**WHEREFORE**, WPH denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully requests that the Court dismiss the Complaint, in its entirety and with prejudice, and award WPH such other and further relief as the Court may deem just and proper, including, without limitation, costs, disbursements, and reasonable attorneys' fees.

Dated: Garden City, New York
September 11, 2026

GARFUNKEL WILD, P.C.
*Attorneys for Defendant White Plains Hospital Medical Center*

By: */s/ Marianne Monroy*
Marianne Monroy

900 Stewart Avenue
Garden City, New York 11530
(516) 393-2200

TO:

Rodney Malloy
51 Brittany Lane
Naugatuck, CT 06770
(203) 543-4233
rodneymalloyit@gmail.com